## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO: 1:05CV-128-M**

**UNION UNDERWEAR COMPANY, INC.,**
**D/B/A FRUIT OF THE LOOM**                                                                 **PLAINTIFF**

**V.**

**MICHAEL WILSON, et al.**                                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Don Keller and Blue Sky Exhibits LLC, to dismiss, or, in the alternative, to provide a more definite statement [DN 14] Fully briefed, this matter stands ripe for decision. For the following reasons, Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) is **DENIED.** However, Defendants' Motion for a More Definite Statement pursuant to F.R.C.P. 12(e) is **GRANTED.**

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 520 U.S. 1251 (1997). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995), cert.

denied, 516 U.S. 1158 (1996). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir.1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir.1995).

Rule 12(e) states that a motion for more definite statement is proper only "if a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Only if the pleading is too vague for a party to frame a responsive pleading will a court grant a Rule 12(e) motion. F.R.C.P. 12(e). A motion for a more definite statement must state the defects in the pleading and the details desired. Id. A party, however, may not use a Rule 12(e) motion as a substitute for discovery. Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959). Given the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. See id. At the same time, the Supreme Court recently noted that "if a pleading fails to specify the allegations in a manner

that provides sufficient notice," then a Rule 12(e) motion may be appropriate. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002).

## II. BACKGROUND

This case involves the sufficiency of a Complaint filed by Plaintiff, Union Underwear Company ("Union Underwear"), on August 24, 2005. The Complaint set forth claims against eight named Defendants and two unnamed Defendants. In Count II of the Complaint, the Plaintiff set forth a claim for breach of fiduciary duty against Michael Wilson, the former trade show manager for the Plaintiff. In Count III of the Complaint, the Plaintiff set forth a claim of common law fraud against all of the Defendants. In Count IV, the Plaintiff set forth a claim of conversion against all of the Defendants. In Count V, the Plaintiff set forth claims of mail fraud and wire fraud in support of RICO allegations against all of the Defendants. In Count VI, the Plaintiff asked for an award of punitive damages, and in Count VII, the Plaintiff sought an award of liquidated damages and interest.

Though the Complaint identifies by name eight Defendants and alleges that any violations occurred "[b]etween 2001 and January 20, 2004," it fails beyond that to provide specific facts, dates, and times. It also makes little effort to distinguish the conduct of the various Defendants. In light of what they perceived to be fatal defects in the Complaint, two of the named Defendants, Don Keller and Blue Sky Exhibits LLC (collectively, "Blue Sky"), have filed this motion to dismiss the Complaint, or, in the alternative, a motion for a more definite statement.

### III. DISCUSSION

In their motion, Blue Sky argues that the Plaintiff failed to plead its RICO claims, conversion claims, and its common law fraud claims with sufficient particularity. The Plaintiff acknowledges the heightened pleading requirement for fraud claims as set forth in F.R.C.P. 9(b) but contends that it has met the stringent standard. Both parties agree that the heightened pleading requirement for fraud cases as set forth in F.R.C.P. 9(b) must be read in light of general pleading requirements of F.R.C.P. 8.[1] The issue is simply whether the Complaint contains the threshold of specificity that is required under the law. The Court will first consider the sufficiency of the Complaint as it relates to Plaintiff's RICO allegations and the claims for conversion and common law fraud. The Court will also consider the Plaintiff's argument that any defects in its Complaint should be excused because the details surrounding the matter which are the subject of the case are solely within the knowledge of the Defendants.

### A. RICO Claims

Section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act provides that "it shall be unlawful for any person employed by or associated with any enterprise . . . to conduct . . . such enterprise's affairs through a pattern of racketeering activity . . . ." 18 U.S.C. § 1962(c). In order to prove a violation of the RICO Act, a plaintiff must show 1) that

---

[1] In Rule 9(b) cases, the Sixth Circuit considers the particularity requirement against the more general policy stated in Rule 8 which favors simple, concise and direct allegations in pleading. Michaels Building Co. v. Ameritrust Co., N.A., 848 F.2d 674 (6th Cir. 1988). "[T]he purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." Id. at 679.

there were two or more predicate offenses; 2) that an "enterprise" existed; 3) that there was a nexus between the pattern of racketeering activity and the enterprise; and 4) that an injury to business or property occurred as a result of the above three factors. VanDenBroeck v. CommonPoint Mortgage Co., 210 F.3d 696, 699 (6th Cir. 2000).

Furthermore, the Plaintiff's RICO cause of action in this case is based on fraud, specifically mail fraud and wire fraud. If fraud is the basis for a civil RICO matter, the pleading is governed by Rule 9(b). See Vild v. Visconsi, 956 F.2d 560, 567 (6th Cir. 1992) cert. denied, 506 U.S. 832 (1992) (RICO action dismissed for failure to plead fraud with particularity required by Fed. R. Civ. P. 9(b)). "Fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact." Blount Fin. Servs., Inc., v. Walter E. Heller & Co., 819 F.2d 151, 152 (6th Cir. 1987). "To allege a violation of the mail fraud statute, it is necessary to show that (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." Cent. Distribs. of Beer, Inc. v. Conn, 5 F.3d 181, 184 (6th Cir. 1993). To allege a violation of the wire fraud statute, a plaintiff must similarly show "(1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." Id.

As to the level of specificity required, "a RICO plaintiff 'must, at a minimum,

describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud.'" Goren v. New Vision Int'l, 156 F.3d 721, 726 (6th Cir. 1998) (quoting Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992)). Relatedly, the court in Begala v. PNC Bank, Ohio, N.A., 214 F.3d 776, 781-82 (6th Cir. 2000) noted,

> A properly pled RICO claim must cogently allege activity "that would show ongoing, coordinated behavior among the defendants that would constitute an association-in-fact." Frank v. D'Ambrosi, 4 F.3d 1378, 1386 (6th Cir. 1993). In this case, the complaint essentially lists a string of entities allegedly comprising the enterprise, and then lists a string of supposed racketeering activities in which the enterprise purportedly engages. Although the plaintiff may allege the separate elements of "enterprise" and "pattern of racketeering activity" through the same facts, (citation omitted), the complaint must contain facts suggesting that the behavior of the listed entities is "coordinated" in such a way that they function as a "continuing unit," see Frank, 4 F.3d at 1386.

As to the element of enterprise, the court in Walker v. Jackson Pub. Schools, No. 01-2459, 2002 U.S. App. LEXIS 16070, at *8,*9 (6 th Cir. Aug 5, 2002) noted,

> The RICO statute defines an enterprise as "includ[ing] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The existence of an enterprise is shown "by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). "Continuity of structure exists where there is an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing, rather than an ad hoc, basis." United States v. Kragness, 830 F.2d 842, 856 (8th Cir.1987). Plaintiffs' complaint constitutes nothing more than a bare assertion that an enterprise existed. See Scheid, 859 F.2d at 436. Generally, a plaintiff must submit evidence of some sort of "chain of command" or other evidence of a hierarchy, even a highly limited one. VanDenBroeck, 210 F.3d at 700. Plaintiffs' complaint contains no such evidence. Because the complaint is devoid of any proof whatsoever of an enterprise, the district court properly

dismissed plaintiffs' complaint pursuant to Rule 12(b)(6).

Here, the Plaintiff's Complaint is fatally deficient because it lacks essential details. While the Plaintiff's allegations are apparent on the face of the Complaint, the Complaint, nevertheless, simply lacks specific facts to support the allegation of a RICO violation. For instance, the Plaintiff has failed to set forth facts to show that the Defendants operated in any coordinated way. The Complaint does not show a cogent organization among the Defendants nor does it set forth any facts to suggest that the Defendants had an association-in-fact. The Complaint simply states that several of the Defendants were part of an "association-in-fact enterprise," yet it offers no facts in support of that claim. The Complaint also fails to "at a minimum, describe the predicate acts [of fraud] with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud." Finally, Blue Sky successfully distinguished the case law to which Plaintiff cited in support of its position.

**B. Common Law Fraud/Conversion**

Similarly, the Plaintiff fails to meet the requirements of F.R.C.P. 9(b) in their claim of common law fraud and conversion. "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993)). Furthermore, when multiple defendants are named in a complaint, "each defendant's role must be particularized with respect to their alleged involvement in the fraud." Anderson v. Pine S.

Capital, 177 F. Supp. 2d 591, 596-97 (W.D. Ky. 2001) (internal citations omitted).

Here, again, the Complaint lacks enough information as to time, place, and content necessary to enable Blue Sky to form a responsive pleading. More significantly, the Complaint does not make any meaningful distinction among the Defendants with the lone exception of Wilson. Thus, the Complaint is insufficient under the standards of F.R.C.P. 9(b).

**C. Exclusive Control**

Alternatively, the Plaintiff argues that the requirements of F.R.C.P. 9(b) are relaxed when the details surrounding the matters which are the subject of the suit are solely within the knowledge of the defendants. In Beard v. Worldwide Mortgage Corp., 354 F. Supp. 2d 789, 799 (W.D. Tenn. 2005), the court explained the exception to the particularity requirement of F.R.C.P. 9(b):

> [A]n exception to the particularity requirement of Fed. R. Civ. P. 9(b) exists when the relevant facts "lie exclusively within the knowledge and control of the opposing party." United States ex rel. Wilkins v. State of Ohio, 885 F. Supp. 1055, 1061 (S.D. Ohio 1995). In such a case, pleading upon information and belief is permissible, although the plaintiff must still plead a statement of facts upon which the belief is based. Craighead v. E.F. Hutton & Co., 899 F.2d 485, 489 (6th Cir. 1990). A court should hesitate to dismiss an action when the facts underlying the claim are within the defendant's control, especially when no discovery has been conducted. Michaels Bldg. Co., 848 F.2d at 680.

Even if the Plaintiff is correct in asserting that the matters which are the subject of this Complaint are solely within the knowledge and control of the Defendants, that exception is inapplicable for this draft of the Complaint. The Complaint does not set forth a statement of facts upon which Plaintiff's belief is based.

**D. Remedy**

Despite the defects in the Complaint, the Court elects not to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) at this time. "[I]n meeting [the] Rule 9(b) particularity requirement, 'federal courts must be liberal in allowing parties to amend their complaints.'" Coffey, 2 F.3d at 162 (quoting Hayduk v. Lanna, 775 F.2d 441, 445 (1st Cir.1985)). "[A] failure to comply with many of the special pleading provisions in Rule 9 need not be remedied by dismissal of the action or a striking of the pleading, but can be corrected through a motion for a more definite statement..." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1291 at 16 (2004). In this case, the Plaintiff should be granted an opportunity to amend its Complaint so as to comply with the heightened pleading requirements of F.R.C.P. 9(b). Thus, the appropriate remedy is a more definite statement as to all the defective components of the Complaint pursuant to F.R.C.P. 12(e).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) [DN 14] is **DENIED.** However, Defendants' Motion for a More Definite Statement pursuant to F.R.C.P. 12(e) is **GRANTED.**

cc: counsel of record
05cv‑128Union